*644 OPINION OF THE COURT
Eve Preminger, S.
These are dual guardianship proceedings concerning the infant children of now-divorced parents. The children’s mother, Ellen Novack, petitions the court for limited letters appointing her guardian of an approximate $80,000 inheritance to be received by the children as residuary beneficiaries under the will of their maternal great-uncle, Sam Novack. This application is made with the limited consent of the children’s father, Paul Cooper, to whom limited letters were issued on May 16, 1997 in each proceeding, with the waiver and limited consent of Ms. Novack. Mr. Cooper’s letters were issued for the same purpose requested here, that is, to appoint him guardian of a specific inheritance to his children deriving from his side of the family, in the approximate amount of $10,700.
SCPA 1701 grants to the court the “power over the property of an infant and [it] is authorized and empowered to appoint a guardian of the person or of the property or of both of an infant”. The purpose of appointing a guardian for an infant’s property is to preserve, protect and manage such property {see, SCPA 1723). The designation of a suitable guardian is committed to the discretion of the Surrogate (Matter of Stuart, 280 NY 245). However, the question whether two sets of letters may issue to guardians with respect to two discrete properties appears to be one of first impression in this State.
SCPA 702 (10) enables the court to grant limited and restricted letters “[t]o any other [than enumerated] purpose or act deemed by the court to be appropriate or necessary in respect of the affairs of the estate, the protection thereof or to the proper administration thereof.” The court is said to have “wide discretion” to issue letters to address the specific needs of a specific case. (2 Cox-Arenson-Medina, NY Civ Prac [SCPA] [] 702.18.) Plainly, limited letters may issue for a single, specific purpose.
Thus, in Matter of Herzog (NYLJ, Sept. 22, 1987, at 15, col 5), limited guardianship letters issued for the sole purpose of enabling an infant to renounce her interest in her grandfather’s estate so that the marital tax deduction would apply, instead, with the benefit of a tax savings to the estate. In Matter of Hellman (134 Misc 2d 525), the court issued limited letters appointing two sets of trustees for two different charitable funds, *645 and three “literary property” fiduciaries to oversee certain assets of the estate of the late Lillian Heilman.[1]
Accordingly, the court finds no basis to prohibit the issuance of letters concerning the management of a specified portion of an infant’s property, or to preclude the issuance of letters to more than one guardian of property.
In considering the propriety of whether the particular application here should be granted, it is useful to examine the ultimate factual issues typically presented in a contested guardianship proceeding. Those issues are whether appointment of the guardian will promote the infant’s interests, and whether the nominee is a suitable person (Matter of Woodward, 102 NYS2d 490). The relevant factors concerning these issues include the nominee’s appropriateness, the nominee’s relationship to the infant, the preferences of the infant’s parent, the extent of the subject property, and whether the petition is brought in good faith. (4 Cox-Arenson-Medina, op. cit., 1707.13.) Due consideration of these factors clearly supports granting the instant application.
First, delegating individual control to each parent for inheritances arising from opposite sides of the family removes or reduces the potential for dissension between now-divorced parents. Thus, the children’s interests will be promoted by separate letters enabling each parent to administer inheritances emanating from their respective families. Second, logic dictates that each parent is most appropriate to control the use and investment of such funds which originate with their own kindred. Third, the fact that each parent consents to the other’s appointment compels this conclusion with even greater force. Finally, yielding to the mutual request of parents who undertake to share custody of their children is an appropriate means of promoting their continued cooperation with each other, which can only result in additional benefit to the children.[2]
*646 Dual decrees have been submitted and will issue, granting petitioner limited letters to administer the inheritance to be received by the infant children as residuary beneficiaries of the estate of Sam Novack, as consented to by Paul Cooper, upon petitioner duly qualifying as provided by law.

. Decedent had designated the “literary property fiduciaries in her will.

. Joint control over the property of an infant also is contemplated under the EPTL and the SCPA. For example, SCPA 1708 grants the court the discretion to dispense with the filing of a bond, among other things, where the guardian of an infant’s property collects and receives the property jointly with a designated person or depositary institution. (4 Cox-Arenson-Medina, op. cit., 1708.01.) The relief requested here may be seen as a variant of “joint” control, insofar as granting the application enables each parent to share in the management of the children’s property in a general sense, notwithstanding that the appointments concern different property.